United States District Court
Southern District of Texas

**ENTERED**
May 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| NAN LI | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-319 |
| | § | |
| KRISTI NOEM[1] *et al.* | § | |

## ORDER

"Rule 41(b) of the Federal Rules of Civil Procedure 'authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a Federal Rule of Civil Procedure or a court order.'" *Ramirez v. Garland*, No. 3:25-CV-3300-S-BW, 2026 WL 599036, at \*1 (N.D. Tex. Feb. 2, 2026) (citation modified) (citing *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018)), *report and recommendation adopted*, No. 3:25-CV-3300-S-BW, 2026 WL 597849 (N.D. Tex. Mar. 3, 2026); *see* Fed. R. Civ. P. 81(a)(4). "[A] court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as 'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Id.* (citation modified) (quoting *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019)).

Here, the Court twice ordered Petitioner to show cause in writing why her petition should not be dismissed for failing to name the warden of her facility as a respondent (*see* Dkt. Nos. 7, 9). In both orders, the Court duly warned Petitioner that failure to comply could result in dismissal of her petition (Dkt. No. 7 at 2; Dkt. No. 9 at 2). The Clerk of Court mailed the Court's orders to Petitioner's address of record (Dkt. Nos. 8, 10, 11). To

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted for Respondent Kristi Noem in this case. The Clerk of Court is **DIRECTED** to substitute this party on the docket sheet.

1

date, Petitioner has failed to respond to the Court's order, or file an amended petition curing the deficiency. Therefore, her petition is subject to *sua sponte* dismissal under Federal Rule of Civil Procedure 41(b).

The Court acknowledges its latest order returned as undeliverable with a notation on the envelope reading: "*Release 4/10/2026*" (*see* Dkt. No. 12). As ICE's detainee locator yields no results for Petitioner's Alien Registration Number, it is conceivable that Petitioner has been released, and this habeas action is moot. Regardless, Petitioner remains "responsible for keeping the clerk advised in writing of [her] current address." L.R. 83.4; *Mendoza-Soto v. Davis*, No. 7:17-CV-305, 2020 WL 2561785, at *2 (S.D. Tex. May 5, 2020) ("[L]itigants, including [detainees], 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'"), *report and recommendation adopted*, No. CV M-17-305, 2020 WL 2563536 (S.D. Tex. May 20, 2020). Even if she is detained, Petitioner's failure to apprise the Court of her present detention facility bestows yet another basis for dismissal. *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (referencing a parallel rule).

Accordingly, Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action, and **SERVE** a copy of this Order on Petitioner via any receipted means at her last known address:

> Nan Li
> A-Number: 221387934
> CoreCivic Laredo Processing Center
> 4702 East Saunders
> Laredo, Texas 78041

2

It is so **ORDERED**.

**SIGNED** May 1, 2026.

Marina Garcia Marmolejo
United States District Judge